**WO**            KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Lee Baker, | No. CV 07-353-PHX-SMM (JRI) |
| Plaintiff, | **ORDER** |
| vs. | |
| Dora Schriro, et al., | |
| Defendants. | |

Plaintiff Daniel Lee Baker, who is confined in the Arizona State Prison Complex-Eyman, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. Plaintiff has also filed a Motion for Preliminary Injunction and Motion for Appointment of Counsel.

The Court will order Defendants Schriro, Trujillo, McMacken, McFarland, Elliot, Yates, Malone, Frowner, Ramsey, Management and Training Corporation, Toersbijn, and Martinez to answer Count I and will dismiss the remaining claims and Defendants without prejudice. The Court will also deny the Motion for Appointment of Counsel and Motion for Preliminary Injunction.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $14.73. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount

**TERMPSREF**

in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## III.    Complaint

Plaintiff names the following Defendants in the Complaint: (1) Arizona Department of Corrections ("ADOC") Director Dora Schriro; (2) Complex Warden Ernest Trujillo, Arizona State Prison Complex ("ASPC")–Lewis; (3) Deputy Warden McMacken, ASPC-Lewis; (4) Corrections Program Officer III McFarland, ASPC-Lewis; (5) Corrections Officer III Brier, ASPC-Lewis; (6) Sedillo, Paralegal, ASPC-Lewis; (7) Correction Officer John Doe, ASPC-Lewis; (8) Warden Darla Elliot, Management and Training Corporation; (9) Deputy Warden Yates, Management and Training Corporation; (10) Assistant Deputy Warden Sean Malone, Management and Training Corporation; (11) Assistant Deputy Warden Frowner, Managment and Training Corporation; (12) Programs Supervisor Huey Morris, Management and Training Corporation; (13) Corrections Officer IV Brown, Management and Training Corporation; (14) Lieutenant Ramsey, Management and Training Corporation; (15) Lieutenant Sipe, Management and Training Corporation; (16) Lieutenant Primmer, Management and Training Corporation; (17) Lieutenant Jones, Management and Training Corporation; (18) Sergeant Statler, Management and Training Corporation; (19) Corrections Officer Winkler, Management and Training Corporation; (20) Corrections Officer Warner, Management and Training Corporation; (21) Corrections Officer Walters, Management and Training Corporation; (22) Corrections Officer John Doe, Management and

Training Corporation; (23) Deputy Warden Carl R. Toersbijn, ASPC-Eyman; (24) Associate Deputy Warden Regina Martinez, ASPC-Eyman; (25) Corrections Program Officer III Patrick Pogue, ASPC-Eyman; (26) Corrections Programs Officer Diana Bullock, ASPC-Eyman; (27) Corrections Program Officer III Hanley, ASPC-Eyman; (28) Librarian II Ruboyianes, ASPC-Eyman; (29) Sgt. Uehling, ASPC-Eyman; (30) Corrections Officer II Robert Waldron, ASPC-Eyman; (31) Corrections Officer II Clemente, ASPC-Eyman; (32) Corrections Officer John Doe, ASPC-Eyman; (33) Corrections Program Officer II Woolsey, ADOC; (34) Legal Access Monitor Daryl Johnson, ADOC; (35) Legal Access Monitor Ramkus, ADOC; and (36) Management and Training Corporation.[1]

Plaintiff raises four grounds for relief in the Complaint: (1) Plaintiff's Eighth Amendment rights are violated by overcrowded conditions of confinement; (2) Plaintiff's Eighth Amendment rights are violated by Defendants' practice of housing known gang members within the general population; (3) Defendants failed to protect Plaintiff from an attack by another inmate, in violation of Plaintiff's Eighth Amendment rights; and (4) Plaintiff had only limited access to law books while confined in ASP-Kingman and was not provided with assistance from someone trained in the law in violation of the Fourteenth Amendment.

Plaintiff seeks a declaratory judgment, injunctive relief, and money damages.

**IV.    Failure to State a Claim**

    **A.    Count II: Failure to Protect**

In Count II, Plaintiff alleges that his Eighth Amendment rights are violated because Defendants have a policy of housing gang members with regular population inmates.

The Supreme Court has held that mere negligent failure to protect an inmate from another inmate is not actionable under § 1983. Davidson v. Cannon, 474 U.S. 344 (1986). A prison official violates the Eighth Amendment in failing to protect one inmate from another only when two conditions are met. First, the alleged constitutional deprivation must

---

[1] The ADOC website states that Managment and Training Corporation is contracted to operate the Arizona State Prison-Kingman.

1 be, objectively, "sufficiently serious"; the official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Second, the prison official must have a "sufficiently culpable state of mind," *i.e.*, he must act with deliberate indifference to inmate health or safety. Id. In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: "the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 839 (emphasis supplied).

Moreover, although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266 (9th Cir. 1982); Rhodes v. Robinson, 612 F.2d 766, 772 (3d Cir. 1979). A liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Ivey, 673 F.2d at 268.

In this case, although Plaintiff describes a general fear of inmates who are gang members, Plaintiff has not described a specific threat to his safety or well being of which Defendants were aware. There is no constitutional right not to be confined with gang members, and Plaintiff simply has not alleged facts sufficient to demonstrate a fear of imminent injury and corresponding knowledge on the part of Defendants, as required to support an Eighth Amendment claim. Count II will therefore be dismissed.

**B.   Count III: Failure to Protect**

In Count III, Plaintiff alleges that he was physically assaulted and injured while at the Training and Management Corporation facility on May 8, 2006. Plaintiff provides no information about the physical assault or whether and what type of injury he sustained. Further, Plaintiff provides no detailed facts about how Defendants should have been aware of a threat to Plaintiff's safety, beyond alleging Defendants had "first hand" knowledge of the conditions of Plaintiff's confinement. Count III will be dismissed for failure to state a claim.

### C. Count IV: Access to the Courts

In Count IV, Plaintiff alleges that he was denied access to the Courts because he was not provided with the assistance of a person trained in the law, had only limited access to law books, and did not have any access to self-help litigation manuals.

The right of meaningful access to the courts prohibits state officials from actively interfering with inmates' attempts to prepare or file legal documents. Lewis v. Casey, 518 U.S. 343, 350 (1996). The right of access to the courts is only a right to bring petitions or complaints to federal court and not a right to discover such claims or even to litigate them effectively once filed with a court. Id. at 354; see also Cornett v. Donovan, 51 F.3d 894, 899 (9th Cir. 1995) ("The right of access is designed to ensure that a habeas petition or civil rights complaint of a person in state custody will reach a court for consideration.") The right "guarantees no particular methodology but rather, the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Lewis, 518 U.S. at 356.

As a matter of standing, for an access to courts claim, a plaintiff must show that he suffered an "actual injury" with respect to contemplated litigation; the plaintiff must demonstrate that the conduct of the defendants prevented him from bringing to court a nonfrivolous claim that he wished to present. Lewis, 518 U.S. at 351-53. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a claim." Id. at 348.

Plaintiff does not allege that he suffered an actual injury in that he does not allege he was prevented from bringing to court a nonfrivolous claim he wished to present. Rather, Plaintiff essentially argues that because of limited resources, he was unable to litigate his claim effectively; this is not sufficient to state an access to the courts claim. Count IV will be dismissed for failure to state a claim.

## V. Claims to which an Answer will be Required

### A. Count I: Overcrowding

Allegations of overcrowding, alone, are insufficient to state a claim under the Eighth Amendment. See Rhodes v. Chapman, 452 U.S. 337, 348 (1981); Balla v. Idaho State Bd. of Corr., 869 F.2d 461, 471 (9th Cir. 1989). Where crowding causes an increase in violence or reduces the provision of other constitutionally required services, or reaches a level where the institution is no longer fit for human habitation, however, the prisoner may be able to state a claim. See Balla, 869 F.2d at 471.

In Count I, Plaintiff alleges that conditions in the prison are overcrowded, resulting in "increased levels of violence and risks of physical assaults between inmates." (Complaint at 4A.) Plaintiff further claims that "hostility, violence, verbal and physical assaults, and serious dangerous deadly disease infections have become a daily event among inmates." (Id. at 4B.) Plaintiff further alleges that the overcrowding results from the policies and practices of Defendants Schriro, Trujillo, McMacken, McFarland, Elliot, Yates, Malone, Frowner, Ramsey, Management and Training Corporation, Toersbijn, and Martinez. Liberally construed, these allegations adequately state a claim and the Court will require Defendants Schriro, Trujillo, McMacken, McFarland, Elliot, Yates, Malone, Frowner, Ramsey, Management and Training Corporation, Toersbijn, and Martinez to answer Count I.

Although Plaintiff has listed other Defendants in this Count, those Defendants do not appear to be in policy making positions and Plaintiff makes no allegations about their ability to set policies which would affect inmate housing. Accordingly, the remaining Defendants in Count I will be dismissed for failure to state a claim.

**VI.   Motions**

    **A.   Motion for Appointment of Counsel**

In his February 16, 2007 Motion for Appointment of Counsel, Plaintiff requests that the Court appoint counsel to represent him in this action. There is no constitutional right to appointment of counsel in a civil case. See Ivey, 673 F.2d 266. The appointment of counsel in a civil rights case is required only when exceptional circumstances are present. Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980); Wilborn v. Escalderon, 789 F.2d 1328 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both 'the

likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Wilborn, 789 F.2d at 1331 (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The Court must review both of these factors together in deciding whether or not to appoint counsel.  Id.

The Court has reviewed and evaluated the Complaint and finds this action presents no "exceptional circumstances" requiring the appointment of counsel at this time. Accordingly, Plaintiff's request for appointment of counsel will be denied.

### B.   Motion for Preliminary Injunction and Temporary Restraining Order

On February 16, 2007, Plaintiff filed a Motion for Preliminary Injunction and Temporary Restraining Order in which he asks the Court to issue an Order that Defendants: (1) refrain from double bunking inmates in dormitories; (2) refrain from housing inmates who are gang members in the general population with inmates who are not gang-members; (3) immediately remove all gang members from general population; (4) refrain from housing non-punitive inmates in detention units used for punitive housing; (5) refrain from housing inmates in detention units with less than 60 square feed of floor space per inmate; (6) refrain from reading Plaintiff's legal documents that are to be copied or mailed; and (7) provide Plaintiff with law books.

"The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." Whitman v. Hawaiian Tug & Barge Corporation/Young Bros., Ltd. Salaried Pension Plan, 27 F. Supp. 2d 1225, 1228 (D. Haw. 1998).  To obtain a preliminary injunction, the moving party must show either: "(1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in its favor." Walczak v. EPL Prolong, Inc., 198 F.3d 725, 731 (9th Cir. 1999).  These are not two separate tests; they represent "extremes of a singular continuum."  Id. (quotation omitted).  The moving party has the burden of proof on each element of the test.  Environmental Council of Sacramento v. Slater, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

1    As a prerequisite to preliminary injunctive relief, a plaintiff must do more than allege
2 imminent harm sufficient to establish standing; he must also demonstrate immediate
3 threatened injury. <u>Caribbean Marine Serv. v. Baldridge</u>, 844 F.2d 668, 674 (9th Cir. 1988).
4 In other words, a plaintiff must show a real or immediate threat; a likelihood of substantial
5 and immediate irreparable injury. <u>Gomez v. Vernon</u>, 255 F.3d 1118, 1129 (9th Cir. 2001)
6 (quotation and citation omitted). Speculative injury is not sufficient. <u>Carribean Marine
7 Serv.</u>, 844 F.3d at 674.

8    In this case, Plaintiff has not alleged a real and immediate threatened injury or
9 irreparable injury; Plaintiff has only alleged speculative injury. Because Plaintiff has not
10 made sufficient allegations in support of his request for preliminary injunction, the Court will
11 deny the Motion.

12 **VII.  Warnings**

13   **A.    Release**

14    Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
15 Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay
16 the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result
17 in dismissal of this action.

18   **B.    Address Changes**

19    Plaintiff must file and serve a notice of a change of address in accordance with Rule
20 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other
21 relief with a notice of change of address. Failure to comply may result in dismissal of this
22 action.

23   **C.    Copies**

24    Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy
25 of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate
26 stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit
27 an additional copy of every filing for use by the Court. <u>See</u> LRCiv 5.4. Failure to comply
28 may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258,1260-61(9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint, is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $14.73.

(3)     Counts II, III, and IV of the Complaint and Defendants Brier, Sedillo, Morris, Brown, Sipe, Primmer, Jones, Statler, Winkler, Warner, Walters, Pogue, Bullock, Hanley, Ruboyianes, Uehling, Waldron, Clemente, Woolsey, Johnson, Ramkus, and all Doe Defendants are **dismissed** without prejudice.

(4)     Defendants Schriro, Trujillo, McMacken, McFarland, Elliot, Yates, Malone, Frowner, Ramsey, Management and Training Corporation, Toersbijn, and Martinez must answer Count I of the Complaint.

(5)     The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. #1), this Order, and both summons and request for waiver forms for Defendants Schriro, Trujillo, McMacken, McFarland, Elliot, Yates, Malone, Frowner, Ramsey, Management and Training Corporation, Toersbijn, and Martinez.

(6)     Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the

1  action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv
2  16.2(b)(2)(B)(i).

3      (8)    The United States Marshal must retain the Summons, a copy of the Complaint,
4  and a copy of this Order for future use.

5      (9)    The United States Marshal must notify Defendants of the commencement of
6  this action and request waiver of service of the summons pursuant to Rule 4(d) and (h) of the
7  Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this
8  Order. The Marshal must immediately file requests for waivers that were returned as
9  undeliverable and waivers of service of the summons. If a waiver of service of summons is
10 not returned by a Defendant within 30 days from the date the request for waiver was sent by
11 the Marshal, the Marshal must:

12     (a)    personally serve copies of the Summons, Complaint, and this Order upon
13 Defendant pursuant to Rule 4(e)(2) and (h)(1) of the Federal Rules of Civil Procedure;
14 and

15     (b)    within 10 days after personal service is effected, file the return of service
16 for Defendant, along with evidence of the attempt to secure a waiver of service of the
17 summons and of the costs subsequently incurred in effecting service upon Defendant.
18 The costs of service must be enumerated on the return of service form (USM-285) and
19 must include the costs incurred by the Marshal for photocopying additional copies of
20 the Summons, Complaint, or this Order and for preparing new process receipt and
21 return forms (USM-285), if required. Costs of service will be taxed against the
22 personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of
23 Civil Procedure, unless otherwise ordered by the Court.

24     (10)    **A Defendant who agrees to waive service of the Summons and Complaint**
25 **must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

26     (11)    Defendants Schriro, Trujillo, McMacken, McFarland, Elliot, Yates, Malone,
27 Frowner, Ramsey, Management and Training Corporation, Toersbijn, and Martinez must

28

answer Count I of the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12)   Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(13)   This matter is referred to Magistrate Judge Jay Irwin pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

(14)   Plaintiff's February 16, 2007 Motion for Appointment of Counsel, filed with the Complaint, is **denied**.

(15)   Plaintiff's February 16, 2007 Motion for Preliminary Injunction and Temporary Restraining Order, filed with the Complaint, is **denied**.

DATED this 20th day of March, 2007.

_[signature]_
Stephen M. McNamee
United States District Judge