SRM

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

**Daniel Lee Baker,**
Plaintiff
-vs-
**Dora B. Schriro, et al.,**
Defendant(s)

CV-07-0353-PHX-SMM (JI)

**REPORT & RECOMMENDATION**
re Motion to Amend and Screening of First
Amended Complaint

## I. NATURE OF THE CASE

This matter arises out of a complaint by Plaintiff, presently incarcerated in the Arizona State Prison in Florence, Arizona, alleging a variety of violations of his civil rights incurred while a prisoner.

## II. MATTER UNDER CONSIDERATION

Under consideration is Plaintiff's Motion to Amend, filed April 13, 2007 (#5). Plaintiff seeks leave to file his First Amended Complaint, lodged April 13, 2007 (#6). In addition, Plaintiff has filed an addendum (#8) to the Complaint containing the final two pages of the Complaint, including Plaintiff's signature. Plaintiff is entitled to amend his complaint once, as of right prior to an answer. No Defendant has yet been served, appeared, or answered or otherwise responded. Consequently, the Court must grant Plaintiff's motion.

However, the Court is required to screen that complaint pursuant to 28 U.S.C. § 1915A(a). This matter is before the undersigned on referral from the District Judge, and the determination of the undersigned is dispositive of some of Plaintiff's claims. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 72(b), Federal Rules of Civil Procedure, and 28 U.S.C. §28(b)(1)(B) and (C).

### III. BACKGROUND

**Claims** - Plaintiff's First Amended Complaint asserts the same four counts asserted in this original Complaint, albeit renumbered:  (1) in **Count I**, Plaintiff repeats his Count I and alleges that his Eighth Amendment rights are violated by overcrowded conditions of confinement; (2) in **Count II**, Plaintiff repeats his Count II and alleges his Eighth Amendment rights are violated by Defendants' practice of housing known gang members within the general population; (3) in **Count IV**, Plaintiff repeats the claim in Count III of the original Complaint, and alleges that Defendants failed to protect Plaintiff from an attack by another inmate, in violation of Plaintiff's Eighth Amendment rights; and (4) in **Count V**, Plaintiff again asserts a denial of access to the courts, as he did in Count VI of his original Complaint.  In addition, Plaintiff now assets a new **Count III**, in which he alleges a pervasive system of placing inmates, including Plaintiff, under the supervision ("monitoring") of other inmates, including gang members, predators, and seriously mentally ill inmates, resulting in coercive, retaliatory, and assaultive behaviors by those prisoners.

**Defendants** - Plaintiff's First Amended Complaint names the following defendants:

(1) Arizona Department of Corrections ("ADOC") Director Dora Schriro;

(2) Complex Warden Ernest Trujillo, Arizona State Prison Complex ("ASPC")–Lewis;

(3) Deputy Warden McMacken, ASPC Stiner Blue Unit;

(4) Corrections Program Officer III McFarland, ASPC-Stiner Unit;

(5) Corrections Officer III Brier, ASPC-Stiner;

(6) Sedillo, Paralegal, employed either directly or indirectly by ADOC;

(7) Correction Officer Jane Doe, ASPC-Stiner;

(8) Warden Darla Elliot, Management and Training Corporation (hereinafter "MTC");

(9) Deputy Warden Yates, MTC;

(10) Assistant Deputy Warden Sean Malone, MTC;

(11) Assistant Deputy Warden Frowner, MTC;

(12) Programs Supervisor Huey Morris, MTC;

(13) Corrections Officer IV Brown, MTC;

1   (14) Major Ramsey, MTC;

2   (15) Lieutenant Sipe, MTC;

3   (16) Lieutenant Primmer, MTC;

4   (17) Lieutenant Jones, MTC;

5   (18) Sergeant Jones, MTC;

6   (19) Sergeant Statler, MTC;

7   (20) Corrections Officer Schelsky, MTC;

8   (21) Corrections Officer Winkler, MTC;

9   (22) Corrections Officer Warner, MTC;

10   (23) Corrections Officer Walters, MTC;

11   (24) Management and Training Corporation,

12   (25) Deputy Warden Toensbijns, ASPC-Eyman;

13   (26) Corrections Officer Patrick Pogue, ASPC-Eyman;

14   (27) Corrections Programs Officer Diana Bullock, ASPC-Eyman;

15   (28) Corrections Program Officer III Hanley, ASPC-Eyman;

16   (29) Librarian II Ruboyianes, ASPC-Eyman;

17   (30) Sgt. Uehling, ASPC-Eyman;

18   (31) Corrections Officer II Robert Waldron, ASPC-Eyman;

19   (32) Corrections Officer II Clemente, ASPC-Eyman;

20   (33) Corrections Officer John Doe, ASPC-Eyman;

21   (34) Corrections Program Officer II Woolsey, ADOC;

22   (35) Legal Access Monitor Daryl Johnson, ADOC;

23   (36) Dependable Personnel, Incorporated; and

24   (37) Jane/John Does, ARCT Alhambra, Phoenix.

25   Plaintiff no longer asserts claims against the following Defendants named in his

26   original Complaint: (a) Legal Access Monitor Ramkus, ADOC; (b) Corrections Officer John

27   Doe, Management and Training Corporation; or (c) Associate Deputy Warden Regina Martinez,

28   ASPC-Eyman. Accordingly, on the filing of the First Amended Complaint, this action should

1  be terminated as to these parties.

2

3  **IV.  SCREENING OF CLAIMS**

4  The Court is required to screen complaints brought by prisoners seeking relief against

5  a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. §

6  1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised

7  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

8  be granted, or that seek monetary relief from a defendant who is immune from such relief. 28

9  U.S.C. § 1915A(b)(1), (2).

10  42 U.S.C. § 1997 applies the same standard to such complaints even if the defendants

11  are  not governmental entities, or officers or employees of a governmental entity.  *Id.*  In

12  screening complaints, however, the Court is obliged to liberally construe the Plaintiff's

13  complaint:

14  > The handwritten pro se document is to be liberally construed. . . . [A] pro
> se complaint, "however inartfully pleaded," must be held to "less stringent
15  > standards than formal pleadings drafted by lawyers" and can only be
> dismissed for failure to state a claim if it appears " 'beyond doubt that the
16  > plaintiff can prove no set of facts in support of his claim which would
> entitle him to relief.' "

17  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21

18  (1972)).

19  **Count 1 (Overcrowding)** - Plaintiff's Count 1 continues to allege violation of his

20  Eighth Amendment rights by overcrowding with dangerous inmates at ASPC-Lewis, ASPC-

21  Eyman, and the Management and Training Corporation facility.  Plaintiff alleges: Defendant

22  Schriro was responsible for conditions at all three facilities; that Defendants Trujillo,

23  McMacken, and Toersbijns were responsible for conditions at ASPC-Lewis and ASPC-Eyman;

24  and Defendants MTC, Elliott, Yates, Malone, and Frowner were responsible for conditions at

25  the MTC facility.  Accordingly, as with the original Complaint, Count I adequately states a

26  claim, and an answer to Count I should be required from Defendants Schriro, Trujillo,

27  McMacken, Toersbijns, MTC, Elliott, Yates, Malone, and Frowner.

28

1   **Count 2 (Failure to Protect from Gangs)** - As in the original Complaint, Count II of

2   the First Amended Complaint asserts a violation of Plaintiff's Eighth Amendment rights by

3   failure to protect, by housing Plaintiff, a mental health patient, with dangerous prisoners who

4   are members of prison gangs.  The screening Order dismissed this count based upon Plaintiff's

5   failure to allege "a specific threat to his safety or well being of which Defendants were aware."

6   (Order 3/23/07, #3 at 4.)  Plaintiff's First Amended Complaint adds the additional details that

7   as a non-gang member he is threatened and coerced by gang members to participate in various

8   illicit activities, and is subjected to violence and threats of violence if he refuses to do so, and

9   that his only recourse is to complain to staff with the result that he is placed in punitive

10   detention unit for a time and then returned into the hands of the same prisoners.  Plaintiff

11   alleges that he had previously complained about his predicaments, and that Defendants Schriro

12   and MTC are aware of these conditions, and have failed to take steps to protect Plaintiff.  As

13   amended, this Count adequately states a claim for failure to protect, and Defendants Schriro

14   and MTC should be required to answer Count II.

15   **Count 3 (Failure to Protect From Inmate Monitoring)** - Plaintiff alleges in Count

16   III that inmates within ASPC-Lewis, ASPC-Eyman, and MTC's facility are utilized to "monitor"

17   or supervise Plaintiff and other inmates' activities resulting in various assaults; that inmates

18   who refuse to follow directions from these inmates are assaulted by the supervising inmates;

19   that complaints about assaults that are reported to staff are relayed to the inmates, resulting in

20   retaliation; that these inmates are known to be dangerous; that these conditions are pervasive

21   and known to every defendant.

22   "Prison officials have a duty to take reasonable steps to protect inmates from physical

23   abuse." *Hoptowit v. Ray,* 682 F.2d 1237, 1250-51 (9th Cir. 1982); *see also Farmer v.*

24   *Brennan,* 511 U.S. 825, 833 (1994).  To establish a violation of this duty, the prisoner must

25   establish that prison officials were "deliberately indifferent" to serious threats to the inmate's

26   safety. *See Farmer,* 511 U.S. at 834. To demonstrate that a prison official was deliberately

27   indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official

28   [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be

1  aware of facts from which the inference could be drawn that a substantial risk of serious harm

2  exists, and [the official] must also draw the inference." *Farmer*, 511 U.S. at 837.  To prove

3  knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the

4  very obviousness of the risk may be sufficient to establish knowledge. *See Farmer*, 511 U.S.

5  at 842; *Wallis v. Baldwin,* 70 F.3d 1074, 1077 (9th Cir. 1995).

6      Here, Plaintiff alleges a serious threat in the form of physical assaults, and alleges that

7  all of the defendants have been repeatedly made aware of the circumstances, but have taken no

8  action to protect Plaintiff or the other inmates.  Although Plaintiff provides no detail as to the

9  specific manner in which each of the defendants named in this Count have gained knowledge

10  about these conditions, he asserts that the information is widely known, and that the named

11  defendants have the "practice" of confining Plaintiff under the complained of conditions.

12  Plaintiff's Count III adequately states a claim of deliberate indifference to inmate safety.  An

13  answer to Count III should be required from those Defendants Plaintiff identifies as

14  responsible for maintaining Plaintiff under the offending conditions, Defendants Trujillo,

15  McMacken, Elliott, Yates, Malone, Frowner, and Toersbijns.

16      **Count 4 (Failure to Protect re May 2006 Incident)** - In Count IV of the First

17  Amended Complaint, Plaintiff repeats the claim in Count III of the original Complaint, and

18  alleges that Defendants failed to protect Plaintiff from an attack by another inmate on May 8,

19  2006, in violation of Plaintiff's Eighth Amendment rights.  This claim was dismissed on

20  screening of the original Complaint because Plaintiff provided "no information about the

21  physical assault or whether and what type of injury he sustained," and "no detailed facts about

22  how Defendants should have been aware of a threat to Plaintiff's safety, beyond alleging

23  Defendants had 'first hand' knowledge of the conditions of Plaintiff's confinement."  (Order

24  3/23/07, #3 at 4.)  Plaintiff now alleges that for a period of fifteen minutes he was assaulted

25  by five inmates, who repeatedly struck him in the head, face, chest and kidneys, and repeatedly

26  kicked him, resulting in lacerations to his head, face, chest, and swelling.  Plaintiff also alleges

27  that the conditions which permitted the assault to occur (the "monitoring" complained of in

28  Count III) were pervasive, and the risk of harm from those conditions apparent.   Plaintiff now

states a claim for deliberate indifference to Plaintiff's safety, and an answer to this Count should be required from Defendants Schriro, MTC, Elliott, Yates, Malone, and Frowner.

**Count 5 (Access to the Courts)** -  In Count IV of his original Complaint, Plaintiff alleged that he was denied access to the Courts because he was not provided with the assistance of a person trained in the law, had only limited access to law books, and did not have any access to self-help litigation manuals.  On screening, this claim was dismissed because Plaintiff did not allege that he suffered an actual injury, *i.e.* he did not allege he was prevented from bringing to court a nonfrivolous claim he wished to present. Rather, Plaintiff argued that because of limited resources, he was unable to litigate his claim effectively.

Plaintiff renews this claim in Count V of the First Amended Complaint.  Plaintiff's complaint stems from the loss by prison officials of two boxes of Plaintiff's "legal materials." Plaintiff adds substantial details about his efforts to recover these boxes through prison administrative procedures and state civil rights suits, and complains that he was thwarted in that process.   However, Plaintiff still does not allege that he was unable to bring a nonfrivolous court claim because of the loss of the legal materials.  He does allege that the lost materials related to various pending criminal and civil proceedings, but does not assert that claims were lost as a result of the denial of his legal materials.

The only claims Plaintiff alleges losing were those designed to recover the boxes.  His lack of success at obtaining relief for the loss of the materials does not establish injury from the lost materials themselves. It simply establishes that the loss has been unavoidable and unremedied  Accordingly, Plaintiff still fails to allege an actual injury from the denial of access as required to assert a claim for denial of access to the courts. *See Lewis v. Casey,* 518 U.S. 343, 351 (1996).  Accordingly, this Count V must be dismissed for failure to state a claim.

**Summary** - Based on the foregoing, the undersigned finds that:

1.      an answer to Count I should be required from Defendants Schriro, Trujillo, McMacken, Toersbijns, MTC, Elliott, Yates, Malone, and Frowner;

2.      an answer to Count II should be required from Defendants Schriro and MTC.

3.     an answer to Count III should be required from Defendants Trujillo, McMacken, Elliott, Yates, Malone, Frowner, and Toersbijns.

4.     an answer to Count IV should be required of Defendants Schriro, MTC, Elliott, Yates, Malone, and Frowner.

5.     Count V should be dismissed for failure to state a claim.

The undersigned further finds that Plaintiff fails to state any claims against the remaining defendants. In Count V (Denial of Access), Plaintiff does assert various acts by Defendants McFarland, Brier, Jane Doe, Schelsky, Woolsey, Brown, Morris, Bullock, and all of the MTC officials. However, as noted herein above, that count fails to state a claim. Accordingly, all the remaining defendants should be dismissed.

## V. RECOMMENDATIONS

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Motion to Amend, filed April 13, 2007 (#5) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's First Amended Complaint (#6) be filed and pages 2 and 3 of the Addendum (#8) be filed and treated as part of the First Amended Complaint..

**IT IS FURTHER RECOMMENDED** that the following Defendants named in the original Complaint, but not the First Amended Complaint, be dismissed:

1.     Legal Access Monitor Ramkus, ADOC;

2.     Corrections Officer John Doe, Management and Training Corporation;

3.     Associate Deputy Warden Regina Martinez, ASPC-Eyman.

**IT IS FURTHER RECOMMENDED** pursuant to 28 U.S.C. § 1915A, that Count V (Denial of Access) of the First Amended Complaint be dismissed, without prejudice.

**IT IS FURTHER RECOMMENDED** pursuant to 28 U.S.C. § 1915A, that the following Defendants be dismissed, without prejudice:

1.     Corrections Program Officer III McFarland, ASPC-Stiner Unit;

2.     Corrections Officer III Brier, ASPC-Stiner;

3.      Sedillo, Paralegal, employed either directly or indirectly by ADOC;

4.      Correction Officer Jane Doe, ASPC-Stiner;

5.      Programs Supervisor Huey Morris, MTC;

6.      Corrections Officer IV Brown, MTC;

7.      Major Ramsey, MTC;

8.      Lieutenant Sipe, MTC;

9.      Lieutenant Primmer, MTC;

10.     Lieutenant Jones, MTC;

11.     Sergeant Jones, MTC;

12.     Sergeant Statler, MTC;

13.     Corrections Officer Schelsky, MTC;

14.     Corrections Officer Winkler, MTC;

15.     Corrections Officer Warner, MTC;

16.     Corrections Officer Walters, MTC;

17.     Corrections Officer Patrick Pogue, ASPC-Eyman;

18.     Corrections Programs Officer Diana Bullock, ASPC-Eyman;

19.     Corrections Program Officer III Hanley, ASPC-Eyman;

20.     Librarian II Ruboyianes, ASPC-Eyman;

21.     Sgt. Uehling, ASPC-Eyman;

22.     Corrections Officer II Robert Waldron, ASPC-Eyman;

23.     Corrections Officer II Clemente, ASPC-Eyman;

24.     Corrections Officer John Doe, ASPC-Eyman;

25.     Corrections Program Officer II Woolsey, ADOC;

26.     Legal Access Monitor Daryl Johnson, ADOC;

27.     Dependable Personnel, Incorporated;

28.     Jane/John Does, ARCT Alhambra, Phoenix.

**IT IS FURTHER RECOMMENDED** that an answer to the First Amended Complaint be required as follows:

1.   an answer to Count I should be required from Defendants Schriro, Trujillo, McMacken, Toersbijns, MTC, Elliott, Yates, Malone, and Frowner;

2.   an answer to Count II should be required from Defendants Schriro and MTC.

3.   an answer to Count III should be required from Defendants Trujillo, McMacken, Elliott, Yates, Malone, Frowner, and Toersbijns.

4.   an answer to Count IV should be required of Defendants Schriro, MTC, Elliott, Yates, Malone, and Frowner.

**IT IS FURTHER RECOMMENDED** that service on Defendants Schriro, Trujillo, McMacken, Toersbijns, MTC, Elliott, Yates, Malone, and Frowner  be ordered, and they be required to respond to the First Amended Complaint by entry of an order that provides as follows:.

(1) The Clerk of the Court shall send Plaintiff a service packet including both summons and request for waiver forms for said Defendants.

(2) Plaintiff shall complete and return the service packet to the Clerk of the Court within 20 days of the date of the filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(3) The United States Marshal shall retain the Summons, a copy of such amended complaint, and a copy of this Order for future use.

(4) The United States Marshal shall notify said Defendants  of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants shall include a copy of this Order.  The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received.  If a waiver of service of summons is not returned by Defendants within thirty days from the date the request for waiver was sent by the Marshal, the Marshal shall:

(a) Personally serve copies of the Summons, such amended Complaint and this Order upon Defendants pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure.

(b) Within ten days after personal service is effected, file the return of service

for the Defendants, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendants. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, such amended complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.   Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(5) **Defendants who agree to waive service of the Summons and such amended complaint shall return signed waiver forms to the United State Marshal, and not to Plaintiff.**

(6) Said Defendants shall answer such amended complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(7) Any answer or responsive pleading shall state the specific Defendant(s) by name on whose behalf it is filed. The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the specific Defendant(s) by name on whose behalf it is filed.

## VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72, Federal Rules of Civil Procedure,* the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the factual issues and will constitute a waiver of a party's right to appellate

1  review of the findings of fact in an order or judgment entered pursuant to the recommendation

2  of the Magistrate Judge.

3

4  DATED: May 4, 2007

_____
JAY R. IRWIN
United States Magistrate Judge