WO **JWB**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Lee Baker, | No. CV 07-0353-PHX-SMM (JRI) |
| Plaintiff, | **ORDER** |
| vs. | |
| Dora Schriro, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion for Preliminary Injunction, Temporary Restraining Order, and Request for a Three Judge Court (Doc. # 9). The Court will deny the motion.

**I.   Motion for Preliminary Injunction**

The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). When seeking injunctive relief the moving party must show either: "(1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in its favor." Walczak v. EPL Prolong, Inc., 198 F.3d 725, 731 (9th Cir. 1999). These two formulations both operate as a sliding scale, whereby a stronger showing of irreparable harm can compensate for a weaker likelihood of success. See id.; United States v. Nutri-cology, Inc., 982 F.2d 394, 397 (9th Cir. 1992).

Under either test, the movant bears the burden of persuasion. Mattel, Inc. v. Greiner & Hausser GmbH, 354 F.3d 857, 869 (9th Cir. 2003).

As a prerequisite to preliminary injunctive relief, a plaintiff must do more than allege imminent harm sufficient to establish standing; he must also demonstrate immediate threatened injury. Caribbean Marine Servs. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988). In other words, a plaintiff must show a real or immediate threat; a likelihood of substantial and immediate irreparable injury. Gomez v. Vernon, 255 F.3d 1118, 1129 (9th Cir. 2001) (quotation and citation omitted). Speculative injury is not sufficient. Carribean Marine Servs., 844 F.3d. at 674.

In his motion, Plaintiff asserts that he is confined in overcrowded conditions that result in increased violence and extreme hostility (Doc. # 9 at 1-2). As a result, Plaintiff argues that the conditions of the prison violate the Eighth Amendment. Plaintiff further avers that there is a substantial threat of irreparable harm in that Plaintiff fears for his life. Plaintiff seeks an order to (1) provide Plaintiff with 60 square feet of floor space; (2) prohibit double-bunking; (3) provide adequate medical and mental health services, clothing, outside exercise, and food service; and (4) segregate dangerous gang members, predator inmates, and mentally ill inmates from the population (id.).

Under Federal Rule of Civil Procedure 65(a)(1), no preliminary injunction can be issued without notice to the opposing party. Neither Plaintiff's motion nor the accompanying memorandum indicate that Plaintiff provided notice to Defendants of his request for preliminary injunctive relief. Consequently, Plaintiff's request for a preliminary injunction will be denied.

**II.    Temporary Restraining Order**

Federal Rule of Civil Procedure 65(b) provides that a temporary restraining order may not be granted without written or oral notice to the adverse party unless:

> 1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and

> 2) the [applicant] certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Plaintiff has similarly not satisfied the requirements for a temporary restraining order. Moreover, the Court finds that the harm Plaintiff alleges he is being threatened with is not "immediate" enough to warrant the issuance of a temporary restraining order before Defendants or their attorney can be heard in opposition. The standard for issuing a temporary retraining order is the same as the standard for issuing a preliminary injunction. Whitman v. Hawaiian Tug & Barge Corp./Young Bros., Ltd. Salaried Pension Plan, 27 F.Supp.2d 1225, 1228 (D.Haw. 1998). Thus, Plaintiff must demonstrate a likelihood of substantial and immediate irreparable injury. Gomez, 255 F.3d at 1129.

Plaintiff has only alleged general and speculative injury. In his supporting memorandum, Plaintiff relies on the decision in Helling v. McKinney to support the argument that he does not have to wait for something tragic to happen to him before an injunction is warranted. 509 U.S. 25 (1993). In Helling, the Supreme Court articulated that the Eighth Amendment protects against future harm and supports an injunction if an inmate proved that the conditions in the prison are unsafe and life threatening. Id. at 33-34. Plaintiff's allegations, however, fail to meet this standard and are too general to establish immediate irreparable injury. The motion for a temporary restraining order will be denied.

## III. Prisoner Release Order

In his motion, Plaintiff requests a hearing before a three-judge court, pursuant to 18 U.S.C. § 3626, for consideration of a prisoner release order (Doc. # 9 at 1). A three-judge court is required to enter a prisoner release order. 18 U.S.C. § 3626(a)(3)(B). A party seeking a prisoner release order must submit materials sufficient to demonstrate that (1) the court has previously entered an order for less intrusive relief and that order has failed to remedy the deprivation sought to be cured, and (2) the defendant has had a reasonable amount of time to comply with the previous court order. 18 U.S.C. § 3626(a)3(A)(i-ii) and (C).

1  Plaintiff argues that an "order for less intrusive relief" was issued in <u>Harris, et al. v. Cardwell, et al.</u>, and it failed to remedy the deprivation (Doc. # 10 at 7). Plaintiff is referring to the 1982 Amended Judgment/Consent Decree in <u>Harris, et al. v. Cardwell, et al.</u>, CV 75-185-PHX-SRB (D.Ariz.). But Plaintiff only cites to this other case; he does not explain the "order for less intrusive relief" or how it failed to remedy the deprivation, or even what the deprivation at issue was in the prior action. As such, Plaintiff has failed to submit materials that demonstrate the conditions required for a release order. <u>See</u> 18 U.S.C. § 3626(a)3(A)(i-ii) and (C).

More importantly, a civil rights action is not the proper means by which to enforce a remedial decree. <u>Cagle v. Sutherland</u>, 334 F.3d 980, 986-87 (11th Cir. 2003); <u>Klein v. Zavaras</u>, 80 F.3d 432, 435 (10th Cir. 1996); <u>DeGidio v. Pung</u>, 920 F.2d 525, 534 (8th Cir. 1990); <u>Green v. McKaskle</u>, 788 F.2d 1116, 1122-23 (5th Cir. 1986). Jurisdiction to enforce the judgment is retained by the court that entered it. <u>Jeff D. v. Kempthorne</u>, 365 F.3d 844, 853 (9th Cir. 2004). A consent decree is negotiated by the parties in the case and may be detailed or provide relief beyond constitutional requirements; therefore, individual prisoners are not allowed to seek relief through a § 1983 action for violations of the decree. <u>Cagle</u>, 334 F.3d at 987; <u>DeGidio</u>, 920 F.2d at 534. Plaintiff's request for a release order through this action is improper and will be denied.

**IT IS THEREFORE ORDERED that:**

(1) Plaintiff's Motion for Preliminary Injunction, Temporary Restraining Order, and Request for a Three Judge Court (Doc. # 9) is **DENIED**.

DATED this 9th day of August, 2007.

_____
Stephen M. McNamee
United States District Judge

- 4 -