**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Lee Baker, | No. CIV 07-353-PHX-SMM |
| Plaintiff, | **MEMORANDUM OF DECISION AND ORDER** |
| vs. | |
| Dora B. Schriro, et al., | |
| Defendants | |

Pending before the Court is Plaintiff's pro se complaint alleging a variety of violations of his civil rights incurred while a prisoner. The matter was referred to Magistrate Judge Jay R. Irwin for a Report and Recommendation. On September 13, 2007, the Magistrate Judge filed a Report and Recommendation regarding Counts VI through XI of the First Amended Complaint (Dkt. 53). On September 27, 2007, Defendants filed their Objection (Dkt. 54) to the Report and Recommendation. After considering the Report and Recommendation and the arguments raised in Defendants' Objections thereto, the Court now issues the following ruling.

**STANDARD OF REVIEW**

When reviewing a Magistrate Judge's Report and Recommendation, this Court "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate." 28 U.S.C. § 636(b)(1)(C); see also Baxter v. Sullivan, 923 F.2d

1391, 1394 (9th Cir. 1991) (citing Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983)).

**BACKGROUND**

Plaintiff filed this action on February 16, 2007 (Dkt. 1), and the matter was referred to Magistrate Judge Irwin (Dkt. 2). On June 8, 2007, the Magistrate Judge issued a Report and Recommendation (Dkt. 12) which the Court adopted in its entirety (Dkt. 15). In adopting that Report and Recommendation, the Court granted Plaintiff's motion to amend the complaint and ordered that Plaintiff's First Amended Complaint be filed.

In their motion for extension of time to respond (Dkt. 29), Defendants noted that the Magistrate Judge's Report and Recommendation did not address Counts VI through XI of the First Amended Complaint. The Magistrate Judge then issued a Report and Recommendation screening the First Amended Complaint recommending that certain Defendants be required to file answers to Counts VII, XI, X, and XI (Dkt. 53). Defendants filed an Objection to the Report and Recommendation (Dkt. 54), requesting that the Court determine the sufficiency of Plaintiff's claims based on a different standard than that used by the Magistrate Judge. Plaintiff then filed a Response in opposition to Defendants' Objection. (Dkt. 56.)

**DISCUSSION**

Under 28 U.S.C. § 1915A(a), the Court must screen prisoner complaints and dismiss claims that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). The Magistrate Judge tested the sufficiency of Counts VI through XI by the standard which requires that claims "can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (Report 4 (internal citations omitted).) Defendants assert that this "no set of facts" language, see Conley v. Gibson, 355 U.S. 45, 45-46 (1957), is no longer the standard for determining whether a complaint states a claim. (Defs.' Obj. 2-3.) Rather, the proper standard is whether the plaintiff alleges "enough facts to state a claim to relief that is

1  *plausible* on its facts." (Id. 2, quoting Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.
2  Ct. 1955, 1964-65 (2007)(emphasis Defendants').)  Defendants further assert that Counts
3  VII, IX, X, and XI should be dismissed for failure to state a claim under the "plausibility"
4  standard of Twombly.

5       Twombly involved a claim under Sherman Act § 1, and the Supreme Court did not
6  discuss how or whether the "plausibility" standard applies to other actions. (Defs.' Obj. 2.)
7  Nor has the Ninth Circuit issued a written opinion addressing the applicable standard after
8  Twombly.  Defendants point to a decision out of the Second Circuit applying a "flexible
9  plausibility standard" to an action brought against government officials, Iqbal v. Hasty, 490
10 F.3d 143, 157-58 (2d Cir. 2007).  The Iqbal court noted that "conflicting signals [in the
11 Twombly opinion] create some uncertainty as to the intended scope of the Court's decision."
12 490 F.3d at 157.

13      Despite Defendants' Objection, the Court will adopt the Magistrate Judge's Report
14 and Recommendation in full.  Defendants contend that Counts VII, IX, X, and XI are not
15 plausible as alleged, but provide no support for that contention; Defendants do not explain
16 why those counts survive under the "no set of facts" standard but fail under the "plausibility"
17 standard.  Therefore Court will not reject the Report and Recommendation solely because
18 it fails to mention a "plausibility" standard, particularly in light of the "conflicting signals"
19 contained in the Twombly opinion and the lack of Ninth Circuit guidance on the applicable
20 standard.  Additionally, the Court notes the established body of precedent obligating the
21 Court to liberally construe pro se complaints.  See, e.g., Estelle v. Gamble, 429 U.S. 97, 106
22 (1976).

23 **CONCLUSION**
24      For the reasons set forth above,
25 //
26 //
27 //
28

- 3 -

1 **IT IS HEREBY ORDERED** adopting the Report and Recommendation of Magistrate Judge Jay R. Irwin (Dkt. 53).

DATED this 17th day of October, 2007.

Stephen M. McNamee
United States District Judge