**WO**                                                                                           JDN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Lee Baker, | No. CV 07-0353-PHX-SMM (JRI) |
| Plaintiff, | **ORDER** |
| vs. | |
| Dora Schriro, et al., | |
| Defendants. | |

Plaintiff Daniel Lee Baker brought this civil rights action under 42 U.S.C. § 1983 against various officials from the Arizona Department of Corrections (ADC) and the Management and Training Corporation (MTC) (Doc. #16). Defendants moved to dismiss Counts I-IV for failure to exhaust administrative remedies or, in the alternative, for failure to state a claim (Doc. #33). The Court granted the motion in part and denied it in part (Doc. #99).

Before the Court is Plaintiff's Motion for Review of that Order on account of an error in his briefing that misquotes the date when he became aware of the prison's grievance system (Doc. #103). This date was the subject of one of the exhaustion defenses that Plaintiff presented in his opposition to Defendants' Motion to Dismiss (id.).

Upon review of the record, the Court finds that the misstated date does not affect the conclusion of its Order. Thus, relief from the Order is not warranted, and Plaintiff's Motion for Review will be denied.

**I.    Background**

Plaintiff's claims arose during his confinement in two different ADC facilities and the MTC prison in Kingman, Arizona. Plaintiff entered the Arizona State Prison Complex (ASPC)-Lewis Stiner Unit in March 2005. (Doc. #78 at 2 ¶ 2.) He transferred to the MTC facility in May 2005 and was housed there until June 2006, at which time he moved to the ASPC-Eyman Cook Unit. (Id.) In his First Amended Complaint, Plaintiff set forth 11 counts against 37 defendants. (Doc. #16.)

Defendants' Motion to Dismiss that is subject to this review concerned only Counts I-IV. (Doc. #33.) In Count I, Plaintiff alleged that his Eighth Amendment rights were violated by overcrowded conditions of confinement, including overcrowding with dangerous inmates, at both the ADC and MTC facilities. (Doc. #16 at 4.) In Counts II and III, Plaintiff alleged claims of failure to protect at all facilities. (Id. at 5-6.) And in Count IV, Plaintiff alleged that Defendants were deliberately indifferent to his safety when they failed to protect him from an attack by other inmates on May 8, 2006, at the MTC facility. (Id. at 7.)

In their Motion to Dismiss, Defendants' primary argument for dismissal was that Plaintiff failed to exhaust available administrative remedies as required under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). (Doc. #33.) In his First Amended Complaint and his response memorandum, Plaintiff set forth numerous defenses to nonexhaustion, including a claim that the grievance system did not become "available" until he received notice of it. (Doc. #78 at 11.)

In addressing this defense, the Court noted that Plaintiff's affidavit evidence and opposition memorandum contained conflicting statements about when he received Orientation and a copy of the Inmate Handbook, which explained the grievance system. (Doc. #99 at 9-10.) In his affidavit, Plaintiff averred that he was transferred to MTC in May 2005 and then transferred to the ASPC-Eyman Cook Unit in June 2006. (Doc. #78, Ex. A, Pl. Aff. ¶¶ 10-12.) In his opposition memorandum, he stated that did he did not receive Orientation until his arrival *at MTC* in June 2006. (Doc. #78 at 6, 15.) The Court interpreted

- 2 -

this as a typo, and concluded that Plaintiff's claim was that he did not receive Orientation until his arrival at the *ASPC-Eyman Cook Unit* in June 2006.  (Doc. #99 at 10.)  The Court went on to find that the evidence demonstrated Plaintiff was aware of and used the grievance system prior to 2006.  (Id.)  Therefore, his defense that the grievance procedures were unavailable because he was unaware of them was rejected.

In its Order, the Court dismissed Count IV and those claims within Counts I-III that arose during Plaintiff's confinement at the ASPC-Lewis Stiner Unit and the MTC facility. (Doc. #99 at 15.)  The Court denied the Motion to Dismiss as to the Eighth Amendment claims in Counts I-III arising from Plaintiff's confinement in the ASPC-Eyman Cook Unit. (Id.)

## II.     Motion for Review

Plaintiff bases his motion on Rule 60(b)(1), which provides in part: "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect."  Generally, a "typo" is categorized as a "mistake" or "excusable neglect." See Int'l Allied Printing Trades Ass'n v. American Lithographers, Inc., 233 F.R.D. 554, 556 (N.D. Cal. 2006).

In his motion, Plaintiff clarifies that he received Orientation in June *2005* while housed at MTC.  (Doc. #103 at 2.)  Thus, the typo in Plaintiff's opposition memorandum was to the year, not the prison facility.  This clarification does not affect the conclusion on the Motion to Dismiss, however, because the Court determined from the evidence that Plaintiff was aware of the grievance procedures prior to 2006.

As to those claims arising before June 2005, which is primarily limited to Plaintiff's confinement at the ASPC-Lewis Stiner Unit (where he was housed from March to May 2005), Plaintiff provided no specific allegations that would warrant an exception to the exhaustion requirement.  He stated that upon his arrival at the Lewis Stiner Unit, he informed

officials that he was supposed to be housed in a different facility due to his medical needs. (Doc. #78 at 11.) He did not describe this communication with officials, nor did he indicate who he spoke to or why he unable to question the decision not to move him. Yet, at the same time, he apparently began making requests to the Cental Office for the return of legal documents that were lost between his transfer from the jail to the Lewis Stiner Unit. (Id., Ex. A, Pl. Aff. ¶ 19.) Plaintiff did not explain why he was able to pursue administrative relief for the loss of his legal papers but not for his other claims.

Moreover, there were no allegations showing that, despite his unfamiliarity with the grievance system, he attempted to notify officials of his concerns about overcrowding or failure to protect either verbally or through other means. Although the PLRA requires a prisoner to properly exhaust his claims administratively, Woodford v. Ngo, 126 S. Ct. 2378, 2386 (2006), any evidence suggesting that Plaintiff tried to give officials informal notice would support his defense that he was simply unaware of the formal grievances procedures. See Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999) (finding that a prisoner's informal written letters substantially complied with exhaustion requirement because they put prison officials on notice of his complaint).

The Court also notes that in his affidavit, Plaintiff implied that he was aware of the grievance system while housed at the Lewis Stiner Unit but choose not to use it; "[I] had two choices from March 2005 until present time: file administrative grievance and end up either dead . . . or, plead my case to my government . . . ." (Doc. #78, Ex. A, Pl. Aff. ¶ 48.) And in his Complaint, Plaintiff indicated that there were administrative remedies available but that he was exempt from the exhaustion requirement for reasons applied generally to all three facilities. (Doc. #16 at 4, 4E, 5-6.) Without more specific allegations going to the Lewis Stiner Unit, Plaintiff failed to overcome Defendants' evidence showing that there was a grievance system available for his claims arising there.

//

### III.     Conclusion

A review of the record in light of clarification that Plaintiff became aware of the grievance procedures in June 2005, rather than in June 2006, does not alter the Order on the Motion to Dismiss. The Court recognizes that Plaintiff's mistake was inadvertent and not in bad faith. But the correction does not warrant relief from the dismissal of those claims in Counts I-IV arising from Plaintiff's confinement at the ASPC-Lewis Stiner Unit and the MTC facility. His motion will therefore be denied, except to the extent that he asks the Court to disregard the error as harmless. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Review (Doc. #103) is **denied**.

DATED this 8th day of May, 2008.

Stephen M. McNamee
United States District Judge